MILLS, Judge.
CASE SUMMARY
This is an appeal from an order quashing an expedited writ of execution on the ground that appellees (Heltons) did not receive notice of the hearing on appellant’s (C. & S.) motion for the expedited execution, thus, they were denied due process. We reverse.
FACTS
C. & S. sued the Heltons on an open account. It obtained a default and summary final judgment against them. Before the ten-day period for the filing of a motion for new trial or a rehearing had passed, C. & S. filed a motion for immediate issuance of the writ of execution alleging that the Heltons were liquidating their inventory which might result in the absence of assets upon which a levy might be made after passage of the ten-day period. The court granted the motion at an ex parte hearing. The Heltons moved the court to quash the execution because they did not receive notice of the hearing. The court granted their motion.
ISSUE
The sole issue here is whether judgment debtors who allow a judgment to be taken against them by default are entitled to notice and hearing on a motion filed by their judgment creditor for the issuance of an immediate writ of execution.
C. & S. contends that notice and hearing was unnecessary because the motion did not assert a new or additional claim.
The Heltons have not favored us with a brief.
DECISION
Florida Rule of Civil Procedure 1.550(a) provides that no execution shall issue until the judgment has been recorded and the ten-day period provided for the service of a motion for new trial or rehearing has run, provided execution may be issued on special order of the court any time after judgment.
Florida Rule of Civil Procedure 1.080(a) states that every pleading and paper filed in an action subsequent to the initial pleading shall be served on each party. However, no service need be made on parties against whom a default has been entered, unless the pleading asserts new or additional claims against them.
C. & S.’s motion for immediate issuance of the writ did not assert a new or additional claim against the Heltons, therefore, the Heltons were not entitled to service of a copy of the motion and notice of hearing on it.
The Heltons were given an opportunity to be heard and to have their day in court. They rejected this right. They were not entitled to notice under the facts of this case and the applicable Florida Rules of Civil Procedure. C. & S. properly applied to the court for an expedited execution and the court found after a hearing that C. & S. adduced sufficient proof to support its motion.
After the entry of default and judgment, the Heltons were on notice that execution would issue and that C. & S. had the right to seek an expedited execution. No further notice was necessary to advance justice.
JUDGMENT
The order appealed is reversed and this case is remanded to the trial court with instructions to reinstate the expedited writ of execution.
McCORD, C. J., and BOYER, J., concur.